IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CHRISTOPHER ROY CHAVEZ                                                           PETITIONER
Reg #50001-051


V.                            2:14-cv-00039-JLH-JTK

C.V. RIVERA, Warden,                                                             RESPONDENT
FCI-Forrest City


PROPOSED FINDINGS AND RECOMMENDATIONS INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

> 2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Petitioner Christopher Roy Chavez, an inmate at the Federal Correctional Institute in Forrest City, Arkansas, filed this petition for habeas corpus relief pursuant to United States Code Section 2241. (Doc. No. 1.) Mr. Chavez challenges the manner in which his sentence is being executed, alleging that the Bureau of Prisons ("BOP") wrongfully denied him prior custody credit for time served. For the following reasons, the Court recommends the District Court deny Mr. Chavez's petition.

I. PROCEDURAL HISTORY

On April 11, 2008, officers in the Alamagordo Police Department ("APD") in New Mexico arrested Mr. Chavez for driving under the influence. (Doc. No. 5-1 at 1;

Doc. No. 5-1 at 29.) Later that day, Mr. Chavez posted bond on that charge. (Doc. No. 5-1 at 1.) That evening, Officer McColley in the APD obtained a search warrant to search Mr. Chavez's car. (Doc. No. 5-1 at 29.) On April 19, 2008, APD officers arrested Mr. Chavez on multiple charges, many relating to the results of the search of Mr. Chavez's car. (Doc. No. 5-1 at 2.) At the time of his arrest, Mr. Chavez was on probation in Alamagordo. (*Id.*). Alamagordo authorities held Mr. Chavez in the Otero County Detention Center. (*Id.*). On May 12, 2008, the New Mexico court committed Mr. Chavez to jail with no bond, pending revocation proceedings. (*Id.*). On May 15, 2008, Mr. Chavez was transferred from the Otero County Detention Center to the New Mexico Department of Corrections. (*Id.*).

On April 9, 2009, Mr. Chavez was transferred to the Otero County Detention Center pending his probation violation hearing. (*Id.* at 3.) On April 13, 2009, a New Mexico court sentenced Mr. Chavez to serve the balance of his original sentence for his probation violation. (*Id.*). Mr. Chavez was transferred to the New Mexico Department of Corrections to serve his probation violation sentence. (*Id.*).

On May 12, 2009, while still serving his state sentence, Mr. Chavez was temporarily transferred to federal custody pursuant to a federal writ, and was held at the federal Otero County Prison Facility. (*Id.* at 3-4.) On June 20, 2009, Mr. Chavez's state court sentence expired, and he was transferred to the primary custody of federal authorities. (*Id.* at 4.)

On November 3, 2009, a New Mexico court sentenced Mr. Chavez to 364 days

in jail to run concurrent with federal time, and he "was ordered on this date to a 136 day term of unsupervised probation until March 19, 2010, when these cases were closed." (*Id.*; *Id.* at 45.) After the state sentences expired, the United States District Court for the District of New Mexico sentenced Mr. Chavez to a 120 month term of imprisonment for the federal offense. (*Id.* at 4.) The BOP applied prior custody credit of April 11, 2008, and June 21, 2009, until December 8, 2010. (Doc. No. 5 at 9.)

Mr. Chavez contends that the BOP should have granted him prior custody credit from April 19, 2008, until June 21, 2009. (Doc. No. 1 at 4.) He believes that because he was released on bond on April 11, 2008, from his initial state charges, that his arrest on April 19, 2008, was in relation to federal charges. (*Id.*). Mr. Chavez exhausted the administrative review process and did not receive any relief. (*Id.* at 9.) On March 17, 2014, Mr. Chavez filed this writ for habeas corpus relief. (Doc. No. 1.)

II.     ANALYSIS

Under federal law, defendants are entitled to certain credit for time spent in detention prior to their sentences commencing. 18 U.S.C. § 3585(b) (2006). The statute requires that a defendant

> be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed . . . .

*Id.* A defendant may only receive credit toward his term of imprisonment for time that "has not been credited against another sentence." *Id.*

The BOP performs computation of federal sentences, including credit for time served. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Prisoners with questions or contentions about the computation of their prior custody credits may seek administrative review of the calculation of their sentences and credits. 28 C.F.R. §§ 542.10-542.16. After exhausting the available administrative remedies, prisoners may seek judicial review. *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991).

Here, the BOP did not miscalculate Mr. Chavez's prior custody credit. APD officers arrested Mr. Chavez on April 11, 2008, for driving under the influence. The BOP determined that the state court did not grant Mr. Chavez prior custody credit for this date, so it granted him prior custody credit for this date on his federal sentence. APD officers then arrested Mr. Chavez on April 19, 2008, on new charges based on state law. On May 12, 2008, a state judge ordered that Mr. Chavez be held without bond until his probation violation hearing. On April 13, 2009, a state judge ordered Mr. Chavez to serve the balance of his state sentence, and Mr. Chavez was scheduled to be released from his state sentence on June 20, 2009. Although Mr. Chavez was transferred to a federal institution on May 12, 2009, he was still serving his probation violation sentence. Since that time was being credited against his state court sentence, it cannot also be credited against his federal sentence.

On November 3, 2009, a state court sentenced Mr. Chavez on additional state charges to serve 364 days in jail concurrent with federal time, which was time served. Mr. Chavez was released from any state detention on that date for 134 days of

unsupervised probation. The BOP correctly granted Mr. Chavez prior custody credit for his time when serving his state sentence concurrent with his federal sentence, and his time on unsupervised probation. Therefore, Mr. Chavez is entitled to prior custody credit after his release from his state sentence on June 20, 2009, which he received.

### III. CONCLUSION

Mr. Chavez's challenge to the BOP's computation of his federal jail credit is without merit. Accordingly, this petition for writ of habeas corpus (Doc. No. 1) should be denied, dismissing this action in its entirety with prejudice.

IT IS SO ORDERED this 13th day of February, 2015.

_____
United States Magistrate Judge